**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CR. NO. 18-248 (TNM)(GMH)** |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| **JESSE NUNN** | : | |
| | : | |
| **Defendant.** | : | |

## **GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRE-TRIAL DETENTION**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its oral motion that the defendant be detained pending trial pursuant to 18 U.S.C. § 3142 (d)(1)(A)(i), 18 U.S.C. § 3142 (f)(1)(E), and 18 U.S.C. § 3142 (f)(1)(A) of the federal bail statute. The government requests that the following points and authorities, as well as any other facts, arguments and authorities presented at the detention hearing, be considered in the Court's determination regarding pre-trial detention.

## **Introduction**

Jesse Nunn, a twenty-two year old male with connections to the District of Columbia, has been charged by way of an indictment with three counts: Count One - Kidnapping, in violation of Title 18, United States Code, Section 1201(a)(1), Count Two - Armed Robbery, in violation of Title 22, District of Columbia Code, Sections 2801, 4502 (2001 ed.), and Count Three - Possession of a Firearm During Crime of Violence or Dangerous Offense, in violation of Title 22, District of Columbia Code, Section 4504(b) (2001 ed.). The defendant's indictment on a crime of violence in addition to his open felony drug case in Prince George's County Maryland, support the government's contention that the defendant should be held without bond pending trial to ensure

the safety of the community.

## Procedural History and Applicable Authority

At the initial appearance on August 20, 2018, the government orally moved for detention pending trial pursuant to 18 U.S.C. § 3142 (d)(1)(A)(i), 18 U.S.C. § 3142 (f)(1)(E), and 18 U.S.C. § 3142 (f)(1)(A) of the federal bail statute, which was granted by the Court. The Court set a detention hearing for Wednesday, August 22, 2018.

The government contends that the defendant is a danger to the community. The government must establish by clear and convincing evidence that a defendant is a danger to the community. *United States v. Peralta*, 849 F.2d 625, 626 (D.C. Cir. 1988). In an indicted case at a detention hearing, the government may proffer evidence. *United States v. Smith*, 79 F.3d 1208, 1209-10 (D.C. Cir. 1996).

There are four factors under Section 3142(g) that the Court should consider and weigh in determining whether to detain the defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release. *See* 18 U.S.C. § 3142(g). A review and understanding of the facts and circumstances in this case causes the government to ask the Court to conclude that there is no condition or combination of conditions that would assure the safety of the community. Therefore, Mr. Nunn should be detained. *See* 18 U.S.C. § 3142(e)(1).

## Nature and Circumstances of the Offenses Charged

On August 4, 2018, at approximately 2:30 am, the victim left a nightclub located at 1300 block of U Street, Northwest, to catch an Uber home. The victim walked across the street near the

Subway sandwich shop to catch his Uber. A light colored older model four-door vehicle (the victim believed to be a Honda) that was operated by an unidentified black female pulled up next to the victim. The victim opened the rear passenger door where a black male, later identified as the defendant, was seated in the rear seat. At that time, the victim asked, "if this was the UBER for Mike." The unidentified black female stated "yeah" and the victim entered the back seat of the vehicle. The addition of another person in the back seat of the vehicle did not alarm the victim because this ride was purchased with the Uber Share app; thus, the victim was expecting that there would be another person in the vehicle. However, before getting in the vehicle, the victim, who had a few alcoholic beverages at the nightclub, did not verify the vehicle tag and model through the Uber app prior to entering the vehicle.

While the victim was in the back seat of the vehicle, the unidentified black female then drove down U Street, Northwest, towards the Adams Morgan. Within minutes of the victim getting into the vehicle for his ride home, the defendant stated, "give me your phone and wallet." When the victim hesitated in his response, the defendant produced a black handgun and pointed the handgun at the victim's body. The defendant repeated his demands for the victim's phone and wallet.

Fearing for his safety, the victim complied with the demands and handed the defendant his wallet and cell phone. In addition, the defendant and female demanded that the victim give them his PIN number for the victim's debit card. Again, out of fear for his safety, the victim provided his debit PIN number to the suspects. At all times while in the vehicle, the victim was held at gunpoint in the back seat of the vehicle by the defendant with the unidentified female driving to several locations and ATMs in an attempt to get money and purchase items with the victim's debit

cards.

For example, the victim recalled that the defendant and the unidentified female went to what he believed was a M&T Bank in the District of Columbia, a Citgo gas station in the District of Columbia and a Capitol One Bank located in Clinton Maryland. Prior to going into the Capitol One Bank, the unknown female began to yell and curse at the victim believing that the victim had given them the wrong pin number for his ATM card.

When the victim was driven into Prince Georges County, Maryland, when the vehicle stopped at an intersection near FedEx Field, the victim took advantage of this opportunity and jumped from the vehicle. The victim fled into the street and flagged down a citizen. The citizen called a cab for the victim, which took the victim to the Morgan Boulevard Metro Station near FedEx Field. The victim took the subway home, and immediately cancelled each of the financial cards that the defendant and the unidentified female stole from him.

During the time that the defendant and the unidentified female held the victim against his will, the defendant held the victim at gunpoint in the back seat of the vehicle. In total, the victim was held at gunpoint for more than three hours. On August 6, 2018, at approximately 9:30 am., the victim reported this offense to members of the Metropolitan Police Department's Third District.

On August 8, 2018, a MPD detective constructed a photo array for the victim to view. In a matter of moments, the victim selected photograph number (8) Jesse Benjamin Nunn. The detective then asked the victim how sure was he of photograph (8) and he stated "eighty percent sure".

### Weight of the Evidence Against the Defendant

The second factor to be considered, the weight of the evidence, also clearly weighs in favor of detention. The evidence against Mr. Nunn is strong. As detailed above, shortly after the offense, the victim identified one of the individuals who kidnapped him as Mr. Nunn. In addition, the defendant was captured on video and identified by law enforcement officers as the person seen using the victim's ATM can at a bank and using the victim's ATM card in an attempt to purchase items at Wal-Mart in Maryland on that day after the victim fled the vehicle. Additionally, on August 5, 2018, the defendant was observed and identified operating a Kia Rondo bearing Texas tag JLD-8467 without his headlights on in the 1000 block of 3rd Street, Northeast. The vehicle is similar to the vehicle as described by the victim in this matter. At that time, the defendant was arrested for driving with an open container and the officers saw that the defendant was wanted on the bench warrant.

### Mr. Nunn's History and Characteristics

The third factor, the history and characteristics of the person, similarly weigh in favor of the detention. Mr. Nunn has an open felony drug case in Maryland and the defendant was on bench-warrant status for that case at the time he was arrested in August 5, 2018. The government further directs the Court's attention to additional information contained on pages 1 and 5 of the Pretrial Services Agency report. The defendant declined to answer any of the pertinent questions posed to him by the pre-trial services officer. Simply stated, Mr. Nunn should not be released.

### Danger to the Community

The fourth factor, the nature and seriousness of the danger to any person or the community posed by the defendant's release, also weighs in favor of detention. The charged offense here is a

crime of violence punishable by a maximum term of imprisonment of more than ten years. Additionally, Mr. Nunn committed the instant offense with what the victim believed to be a handgun and the victim was held in fear for his life for more than three hours. At all times while in the vehicle, the victim was held at gunpoint in the back seat of the vehicle by the defendant with the unidentified female driving to several locations and ATMs in an attempt to get money and purchase items with the victim's debit cards. For these reasons, the government submits that Mr. Nunn poses a significant threat of danger to the community.

## Conclusion

The Court should grant the government's motion to detain Mr. Nunn pending trial because no condition or combination of conditions assure the safety of the community.

Respectfully submitted,

JESSIE K. LIU
UNITED STATES ATTORNEY
D.C. Bar No. 472-845

By: _____/s/_____
EMORY V. COLE
PA. Bar No. 49136
Assistant United States Attorney
555 Fourth Street, N.W., Fourth Floor
Washington, D.C. 20530
Telephone: (202) 252-7692
E-mail: Emory.Cole@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I, Emory V. Cole, certify that, on this 21st day of August 2018, the government filed a copy of the foregoing Memorandum in Support of Pre-Trial Detention on the Electronic Case Filing ("ECF") system and served a copy on counsel for Mr. Nunn, Mary Petras, Esquire, through the ECF.

                                                                       /s/
                                                    Emory V. Cole
                                                    Assistant United States Attorney